UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TAMARA SETTLEMYERS,

    Plaintiff,

v.

PLAY LV GAMING OPERATIONS, LLC, a Nevada limited liability company d/b/a/ LAS VEGAS CLUB; and does 1 through 20 and ROE CORPORATIONS 1 through 20, inclusive

    Defendants.

2:11-CV-00690-LRH-GWF

ORDER

Before the court is plaintiff Tamara Settlemyer's motion to remand filed on June 1, 2011. Doc. #8[1]. Defendant Play LV Gaming Operations, LLC ("Las Vegas Club") filed an opposition on June 14, 2011. Doc. #11. Plaintiff then filed a reply on June 23, 2011. Doc. #12.

I.    **Facts and Background**

Plaintiff filed an action in state court against Defendant alleging claims for (1) breach of her employment contract and (2) breach of the Collective Bargaining Agreement ("CBA"). Defendant Las Vegas Club removed the action based on federal question jurisdiction. Doc. #1. Thereafter, Plaintiff filed the present motion to remand. Doc. #8.

---

[1] Refers to the court's docket number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III. Discussion

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. Defendant Las Vegas Club argues that this court may exercise federal question jurisdiction over Plaintiff's complaint pursuant to section 301 of the Labor Management Relations Act ("LMRA").

Pursuant to section 301, federal courts are authorized to exercise jurisdiction over cases involving CBAs in order to develop a federal common law of CBA interpretation. *Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451 (1957)). However, the exercise of jurisdiction under section 301 is not appropriate unless the court would be required to "interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Id.* at 693. A defendant bears the burden of proving that a CBA would need to be interpreted in a particular action. *See Gaus*, 980 F.2d at 566-67.

1     Here, Defendant does not point to any contested provisions within the CBA requiring the court to exercise jurisdiction and interpret the CBA. On it's face, Plaintiff's complaint alleges breaches of the unambiguous provisions of the CBA. Defendant merely states, in a conclusory fashion, that it disputes Plaintiff's interpretation of the CBA without identifying which sections of the CBA are ambiguous or need interpretation by the court. Further, "the fact that a CBA will be consulted in the course of state law litigation does not require preemption." *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) (citing *Cramer*, 255 F.3d at 690-91)). Therefore, the court finds that the exercise of federal question jurisdiction in this action is inappropriate. Accordingly, the court shall grant Plaintiff's motion and this case shall be remanded to state court.

    IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #8) is GRANTED. The present action, case no. 2:11-CV-00690-LRH-GWF, is REMANDED to the Eighth Judicial District Court for Clark County, Nevada.

    IT IS SO ORDERED.

    DATED this 3rd day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE